# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **PARTHENON UNIFIED MEMORY ARCHITECTURE LLC,** | § § § | **Case No. 2:14-cv-00689** |
| PLAINTIFF, | § § | **JURY TRIAL REQUESTED** |
| V. | § § | |
| **MOTOROLA MOBILITY, INC.,** | § § | |
| DEFENDANTS. | § § § § § | |

## PARTHENON UNIFIED MEMORY ARCHITECTURE LLC'S
## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Parthenon Unified Memory Architecture LLC ("PUMA" or "Plaintiff") hereby submits this Complaint against Defendant Motorola Mobility, Inc. ("Motorola Mobility" or "Defendant") and states as follows:

## THE PARTIES

1. PUMA is a Texas limited liability company, having a principal place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

2. On information and belief, Defendant Motorola Mobility, Inc. is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

4. Venue is proper in this federal district pursuant to 28 U.S.C. §§1391(b)–(c) and 1400(b) in that Defendant has done business in this District, has committed acts of infringement in this District, and continues to commit acts of infringement in this District, entitling PUMA to relief.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,812,789

5. On September 22, 1998, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 5,812,789 ("the '789 Patent"), entitled "Video And/Or Audio Decompression And/Or Compression Device That Shares a Memory Interface." PUMA holds all rights, title, and interest in and to the '789 Patent.

1

Motorola Mobility is not licensed to the '789 Patent, yet Motorola Mobility knowingly, actively, and lucratively practices the patents.

6. Upon information and belief, Motorola Mobility has infringed directly and continues to infringe directly the '789 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '789 Patent. Motorola Mobility's infringing products include, but are not limited to, at least the Motorola Moto G, Motorola Moto X, Motorola Admiral, Motorola Defy, Motorola Cliq, Motorola Droid, Motorola Electrify, Motorola Milestone, and Motorola Photon.

7. The acts of infringement by Motorola Mobility have caused damage to PUMA, and PUMA is entitled to recover from Motorola Mobility the damages sustained by PUMA as a result of Motorola Mobility's wrongful acts in an amount subject to proof at trial. The infringement of PUMA's exclusive rights under the '789 Patent by Motorola Mobility has damaged and will continue to damage PUMA, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

8. At least as early as its receipt of this Complaint, Motorola Mobility has had knowledge of the '789 Patent and written notice of the infringement. PUMA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 5,960,464**

9. On September 28, 1999, the USPTO duly and legally issued United States Patent No. 5,960,464 ("the '464 Patent"), entitled "Memory Sharing Architecture For A Decoding In A

Computer System." PUMA holds all rights, title, and interest in and to the '464 Patent. Motorola Mobility is not licensed to the '464 Patent, yet Motorola Mobility knowingly, actively, and lucratively practices the patents.

10. Upon information and belief, Motorola Mobility has infringed directly and continues to infringe directly the '464 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '464 Patent. Motorola Mobility's infringing products include, but are not limited to, at least the Motorola Moto G, Motorola Moto X, Motorola Admiral, Motorola Defy, Motorola Cliq, Motorola Droid, Motorola Electrify, Motorola Milestone, and Motorola Photon.

11. The acts of infringement by Motorola Mobility have caused damage to PUMA, and PUMA is entitled to recover from Motorola Mobility the damages sustained by PUMA as a result of Motorola Mobility's wrongful acts in an amount subject to proof at trial. The infringement of PUMA's exclusive rights under the '464 Patent by Motorola Mobility has damaged and will continue to damage PUMA, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

12. At least as early as its receipt of this Complaint, Motorola Mobility has had knowledge of the '464 Patent and written notice of the infringement. PUMA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 6,058,459

13. On May 2, 2000, the USPTO duly and legally issued United States Patent No. 6,058,459 ("the '459 Patent"), entitled "Video/Audio Decompression/Compression Device Including An Arbiter And Method For Accessing A Shared Memory."  PUMA holds all rights, title, and interest in and to the '459 Patent.  Motorola Mobility is not licensed to the '459 Patent, yet Motorola Mobility knowingly, actively, and lucratively practices the patents.

14. Upon information and belief, Motorola Mobility has infringed directly and continues to infringe directly the '459 Patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '459 Patent.  Motorola Mobility's infringing products include, but are not limited to, at least the Motorola Moto G, Motorola Moto X, Motorola Admiral, Motorola Defy, Motorola Cliq, Motorola Droid, Motorola Electrify, Motorola Milestone, and Motorola Photon.

15. The acts of infringement by Motorola Mobility have caused damage to PUMA, and PUMA is entitled to recover from Motorola Mobility the damages sustained by PUMA as a result of Motorola Mobility's wrongful acts in an amount subject to proof at trial.  The infringement of PUMA's exclusive rights under the '459 Patent by Motorola Mobility has damaged and will continue to damage PUMA, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

16. At least as early as its receipt of this Complaint, Motorola Mobility has had knowledge of the '459 Patent and written notice of the infringement.  PUMA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 6,427,194

17. On July 30, 2002, the USPTO duly and legally issued United States Patent No. 6,427,194 ("the '194 Patent"), entitled "Electronic System And Method For Display Using A Decoder And Arbiter To Selectively Allow Access To A Shared Memory." PUMA holds all rights, title, and interest in and to the '194 Patent. Motorola Mobility is not licensed to the '194 Patent, yet Motorola Mobility knowingly, actively, and lucratively practices the patents.

18. Upon information and belief, Motorola Mobility has infringed directly and continues to infringe directly the '194 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '194 Patent. Motorola Mobility's infringing products include, but are not limited to, at least the Motorola Moto G, Motorola Moto X, Motorola Admiral, Motorola Defy, Motorola Cliq, Motorola Droid, Motorola Electrify, Motorola Milestone, and Motorola Photon.

19. The acts of infringement by Motorola Mobility have caused damage to PUMA, and PUMA is entitled to recover from Motorola Mobility the damages sustained by PUMA as a result of Motorola Mobility's wrongful acts in an amount subject to proof at trial. The infringement of PUMA's exclusive rights under the '194 Patent by Motorola Mobility has damaged and will continue to damage PUMA, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

20. At least as early as its receipt of this Complaint, Motorola Mobility has had knowledge of the '194 Patent and written notice of the infringement. PUMA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and

increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 7,321,368

21. On January 22, 2008, the USPTO duly and legally issued United States Patent No. 7,321,368 ("the '368 Patent"), entitled "Electronic System And Method For Display Using A Decoder And Arbiter To Selectively Allow Access To A Shared Memory."  PUMA holds all rights, title, and interest in and to the '368 Patent.  Motorola Mobility is not licensed to the '368 Patent, yet Motorola Mobility knowingly, actively, and lucratively practices the patents.

22. Upon information and belief, Motorola Mobility has infringed directly and continues to infringe directly the '368 Patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '368 Patent.  Motorola Mobility's infringing products include, but are not limited to, at least the Motorola Moto G, Motorola Moto X, Motorola Admiral, Motorola Defy, Motorola Cliq, Motorola Droid, Motorola Electrify, Motorola Milestone, and Motorola Photon.

23. The acts of infringement by Motorola Mobility have caused damage to PUMA, and PUMA is entitled to recover from Motorola Mobility the damages sustained by PUMA as a result of Motorola Mobility's wrongful acts in an amount subject to proof at trial.  The infringement of PUMA's exclusive rights under the '368 Patent by Motorola Mobility has damaged and will continue to damage PUMA, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

24. At least as early as its receipt of this Complaint, Motorola Mobility has had knowledge of the '368 Patent and written notice of the infringement.  PUMA intends to seek

discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 7,542,045

25. On June 2, 2009, the USPTO duly and legally issued United States Patent No. 7,542,045 ("the '045 Patent"), entitled "Electronic System And Method For Display Using A Decoder And Arbiter To Selectively Allow Access To A Shared Memory." PUMA holds all rights, title, and interest in and to the '045 Patent. Motorola Mobility is not licensed to the '045 Patent, yet Motorola Mobility knowingly, actively, and lucratively practices the patents.

26. Upon information and belief, Motorola Mobility has infringed directly and continues to infringe directly the '045 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '045 Patent. Motorola Mobility's infringing products include, but are not limited to, at least the Motorola Moto G, Motorola Moto X, Motorola Admiral, Motorola Defy, Motorola Cliq, Motorola Droid, Motorola Electrify, Motorola Milestone, and Motorola Photon.

27. The acts of infringement by Motorola Mobility have caused damage to PUMA, and PUMA is entitled to recover from Motorola Mobility the damages sustained by PUMA as a result of Motorola Mobility's wrongful acts in an amount subject to proof at trial. The infringement of PUMA's exclusive rights under the '045 Patent by Motorola Mobility has damaged and will continue to damage PUMA, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

28. At least as early as its receipt of this Complaint, Motorola Mobility has had knowledge of the '045 Patent and written notice of the infringement. PUMA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 7,777,753

29. On August 17, 2010, the USPTO duly and legally issued United States Patent No. 7,777,753 ("the '753 Patent"), entitled "Electronic System And Method For Selectively Allowing Access To A Shared Memory." PUMA holds all rights, title, and interest in and to the '753 Patent. Motorola Mobility is not licensed to the '753 Patent, yet Motorola Mobility knowingly, actively, and lucratively practices the patents.

30. Upon information and belief, Motorola Mobility has infringed directly and continues to infringe directly the '753 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '753 Patent. Motorola Mobility's infringing products include, but are not limited to, at least the Motorola Moto G, Motorola Moto X, Motorola Admiral, Motorola Defy, Motorola Cliq, Motorola Droid, Motorola Electrify, Motorola Milestone, and Motorola Photon.

31. The acts of infringement by Motorola Mobility have caused damage to PUMA, and PUMA is entitled to recover from Motorola Mobility the damages sustained by PUMA as a result of Motorola Mobility's wrongful acts in an amount subject to proof at trial. The infringement of PUMA's exclusive rights under the '753 Patent by Motorola Mobility has

damaged and will continue to damage PUMA, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

32. At least as early as its receipt of this Complaint, Motorola Mobility has had knowledge of the '753 Patent and written notice of the infringement. PUMA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT VIII: INFRINGEMENT OF U.S. PATENT NO. 8,054,315**

33. On November 8, 2011, the USPTO duly and legally issued United States Patent No. 8,054,315 ("the '315 Patent"), entitled "Electronic System And Method For Selectively Allowing Access To A Shared Memory." PUMA holds all rights, title, and interest in and to the '315 Patent. Motorola Mobility is not licensed to the '315 Patent, yet Motorola Mobility knowingly, actively, and lucratively practices the patents.

34. Upon information and belief, Motorola Mobility has infringed directly and continues to infringe directly the '315 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '315 Patent. Motorola Mobility's infringing products include, but are not limited to, at least the Motorola Moto G, Motorola Moto X, Motorola Admiral, Motorola Defy, Motorola Cliq, Motorola Droid, Motorola Electrify, Motorola Milestone, and Motorola Photon.

35. The acts of infringement by Motorola Mobility have caused damage to PUMA, and PUMA is entitled to recover from Motorola Mobility the damages sustained by PUMA as a result of Motorola Mobility's wrongful acts in an amount subject to proof at trial. The

infringement of PUMA's exclusive rights under the '315 Patent by Motorola Mobility has damaged and will continue to damage PUMA, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

36. At least as early as its receipt of this Complaint, Motorola Mobility has had knowledge of the '315 Patent and written notice of the infringement. PUMA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT IX: INFRINGEMENT OF U.S. PATENT NO. 8,681,164

37. On March 25, 2014, the USPTO duly and legally issued United States Patent No. 8,681,164 ("the '164 Patent"), entitled "Electronic System And Method For Selectively Allowing Access To A Shared Memory." PUMA holds all rights, title, and interest in and to the '164 Patent. Motorola Mobility is not licensed to the '164 Patent, yet Motorola Mobility knowingly, actively, and lucratively practices the patents.

38. Upon information and belief, Motorola Mobility has infringed directly and continues to infringe directly the '164 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '164 Patent. Motorola Mobility's infringing products include, but are not limited to, at least the Motorola Moto G, Motorola Moto X, Motorola Admiral, Motorola Defy, Motorola Cliq, Motorola Droid, Motorola Electrify, Motorola Milestone, and Motorola Photon.

39. The acts of infringement by Motorola Mobility have caused damage to PUMA, and PUMA is entitled to recover from Motorola Mobility the damages sustained by PUMA as a

result of Motorola Mobility's wrongful acts in an amount subject to proof at trial. The infringement of PUMA's exclusive rights under the '164 Patent by Motorola Mobility has damaged and will continue to damage PUMA, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

40. At least as early as its receipt of this Complaint, Motorola Mobility has had knowledge of the '164 Patent and written notice of the infringement. PUMA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

41. PUMA hereby demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, PUMA requests entry of judgment in its favor and against Motorola Mobility as follows:

a. A declaration that Motorola Mobility has infringed and is infringing the '789, '464, '459, '194, '368, '045, '753, '315, and '164 Patents;

b. An Order permanently enjoining Motorola Mobility, its officers, agents, employees, and those acting in privity with it, from further direct and/or indirect infringement of the '789, '464, '459, '194, '368, '045, '753, '315, and '164 Patents;

c. An award of damages to PUMA arising out of Motorola Mobility's infringement of the '789, '464, '459, '194, '368, '045, '753, '315, and '164 Patents, including enhanced damages pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest, in an amount according to proof;

    d. An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and,

    e. Granting PUMA its costs and further relief as the Court may deem just and proper.

Dated: June 12, 2014                    Respectfully submitted,

                                       */s/ Demetrios Anaipakos*
                                       Demetrios Anaipakos
                                       Texas Bar No. 00793258
                                       danaipakos@azalaw.com
                                       Amir Alavi
                                       Texas Bar No. 00793239
                                       aalavi@azalaw.com
                                       Michael McBride
                                       Texas Bar No. 24065700
                                       mmcbride@azalaw.com
                                       Alisa A. Lipski
                                       Texas Bar No. 24141345
                                       alipski@azalaw.com
                                       Justin Chen
                                       Texas Bar No. 24074204
                                       jchen@azalaw.com
                                       AHMAD, ZAVITSANOS, ANAIPAKOS,
                                            ALAVI & MENSING P.C.
                                       1221 McKinney Street, Suite 3460
                                       Houston, TX 77010
                                       Telephone: 713-655-1101
                                       Facsimile: 713-655-0062

                                       T. John Ward, Jr.
                                       Texas Bar No. 00794818
                                       jw@wsfirm.com
                                       WARD & SMITH LAW FIRM
                                       P.O. Box 1231
                                       Longview, TX 75606-1231
                                       Telephone: 909-757-6400
                                       Facsimile: 909-757-2323

                                       **ATTORNEYS FOR PLAINTIFF**
                                       **PARTHENON UNIFIED MEMORY**
                                         **ARCHITECTURE LLC**